**PAUL J. HETZNECKER, ESQUIRE**
Attorney I.D. No. 49990
1420 Walnut Street, Suite 911
Philadelphia, PA   19102
215 893-9640

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| VS. | : | |
| | : | |
| **JAMEL COVINGTON** | : | NO. 19-636 |

### COMBINED MOTION AND MEMORANDUM OF LAW FOR DISCLOSURE OF EXCULPATORY EVIDENCE

**TO THE HONORABLE JUAN R. SANCHEZ, JUDGE OF THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA, PHILADELPHIA:**

Defendant, Jamel Covington, by his attorney, Paul J. Hetznecker, Esquire, respectfully requests that the Court order the disclosure by the government of all information in its possession, or to which it has access, which is favorable to the defendant.

1. In particular, the defense requests the Court order disclosure of any and all information pertaining to past criminal behavior and misconduct of the government witnesses, including the agents involved in the investigation and prosecution of this case.

2. The defense requests the Court order that the files of law enforcement personnel involved in the instant prosecution, city, state and federal, which contain information regarding any government witness and prior criminal behavior and misconduct, be made available to the defense, or in the alternative **if, and only if, the Court denies the request for direct disclosure of information**, the defense requests the Court order said information be made available for an

1

*in camera* inspection.

3. The background and criminal activities of any undercover agents, and/or confidential human sources utilized by the government.

4. This request includes, the criminal activities of witnesses called by the prosecution of which the government is aware, whether or not currently under investigation by law enforcement agents, as well as any prior investigation of any witnesses called the prosecution.

5. A statement concerning any monies paid any and all witnesses by any government agency. This includes any monies paid any confidential informant or participating witness during the investigation that led to the indictment in this case. The request for disclosure of such monies includes expenses reimbursed, sums for the providing of any information, and the promise or contract with any government agency to provide the witness with any sums of money that resulted from any forfeiture sought as a result of the filing of this case. That this information is sought whether or not such payment of sums is conditioned upon a conviction in this case.

In order to secure defendant's due process right to a fair trial and his rights under the Sixth Amendment to confrontation with witnesses, it is essential that the expertise and knowledge of law enforcement personnel who specialize in investigation of Firearms, in so far as it regard the criminal behavior and other misconduct and that they be made available to the defense in advance of trial.

The information is needed as a basis for effective cross-examination any witness the Government intends to call in this case.

2

This information is also needed for impeachment of those witnesses. This information is in the Government's investigation files and therefore it is those files which must be made available to the defense.

The defense also requests the Court order disclosure by the Government of the following additional information on the grounds that it constitutes, or likely will lead to, evidence favorable to defendant:

      a.      The prior criminal records, if any, of all Government witnesses.

      b.      Any other information favorable to defendant, especially information which tends to affirmatively impeach the credibility of any Government witness, or impeach said witness by omission, and especially information which tends to exculpate defendant from participation in the alleged act.

      c.      Information in the Government's possession pertaining to any special personnel need of any Government witnesses to avoid incarceration, such as impoverishment of his families, or the need for treatment for any addiction, or medical, physical or mental illness.

## LEGAL ARGUMENT

Under Brady v. Maryland, 373 U.S. 83 (1963), the prosecutor has an obligation to disclose "evidence favorable to an accused" individual so long as it is "material either to guilt or to punishment." 373 U.S. 83, 87, 83 S.Ct. 1194 10 L.Ed. 2d 215 (1963) Evidence is "material" if there is a reasonable probability that, "had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Freidman, 658 F.3d 342, 357-58 (3rd Cir. 2011) (quoting United States v. Bagley, 473 U.S. 667, 683, 105 S.Ct. 3375, 87 L.Ed. 2d 481 (1985)). "The prosecution must also disclose evidence that goes to

3

the credibility of crucial prosecution witnesses."  Buehl v. Vaughn, 166 F.3d 163, 181 (3rd Cir. 1999) (citing Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 S. Ct. 763, 31 L.Ed. 2d 104 (1972)) Referred to as Giglio material, this evidence is a subset of Brady material insofar as it addresses situations in which certain evidence about a witness's credibility or motivation to testify exists, and where "the reliability of a given witness may well be determinative of guilt or innocence."  Giglio, 405 U.S. at 154, 92 S.Ct. 763 (citing Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959)).

It is well-settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay.  Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial."  Higgs 713 F.2d at 44; United States v. Blackwell, 954 Supp. 944, 68 (D.N.J. 1997)

While the court recognized in Higgs that a defendant's due process rights to a fair trial are not violated where the disclosure of Brady impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of Brady material, including impeachment and so-called Higgs materials.  See, Starusko, 729 F.2d at 261(citing United States v. ex rel Marzeno v. Gengler, 574 F.2d 730, 739 (3rd Cir. 1978); United States v. Kaplan, 554 F.2d 577, 578 (3rd Cir. 1977)); see also, United States v. Giampa, 904 F.Supp. 235, 281 (D.N.J. 1995); Blackwell, 954 F. Supp. at 968.

The government's early production of Higgs-type impeachment material may well overlap with its subsequent production under the Jencks Act and provide defendant with "advanced" notice of certain witnesses the government intends to use at trial.  The courts have

recognized that early production of <u>Brady</u> material that may include Jencks, including any plea agreements offered by the government be provided to defense counsel with the stronger basis to fully advise his client regarding the charges.

    **WHEREFORE**, for the foregoing reasons, defendant and his counsel respectfully request this Court order the disclosure by the Government of all information in its possession, or to which it has access, which is favorable to the defendant.

                  Respectfully submitted,

                  <u>**/s/ Paul J. Hetznecker, Esquire**</u>
                  Paul J. Hetznecker, Esquire
                  Attorney for Defendant, Jamel Covington

DATE: <u>November 6, 2019</u>

**CERTIFICATE OF SERVICE**

I, Paul J. Hetznecker, hereby certify that a true and correct copy of **MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE** was served on the following:

>   **Sean P. McDonnell, Esquire**
>   **Assistant United States Attorney**
>   **615 Chestnut Street, Suite 1250**
>   **Philadelphia, PA   19106**

>   **/s/ Paul J. Hetznecker, Esquire**
>   Paul J. Hetznecker, Esquire
>   Attorney for Defendant,
>   Jamel Covington

DATE: November 6, 2019