IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-636-08 |
| JAMEL COVINGTON | : | |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 609(a)(1)**

### I.   Introduction

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, Meaghan A. Flannery and Matthew T. Newcomer, Assistant United States Attorneys for the district, hereby files this Motion *in Limine* and requests that the Court grant the government's motion for permission to impeach the defendant, Jamel Covington with his prior conviction should he testify on his own behalf at trial. In support thereof, the government represents as follows.

### II.   Relevant Factual and Procedural Background

On October 13, 2019, a federal grand jury in the Eastern District of Pennsylvania returned a 68-count indictment charging thirteen defendants with a variety of crimes related to the 3rd Bone Drug Trafficking Organization. The group operated in the western portion of the city of Chester and was involved in narcotics distribution and several gang-related shootings and homicides. Each defendant is charged with conspiring to distribute cocaine base "crack," cocaine, fentanyl, and heroin in violation of 21 U.S.C. § 846. The indictment identifies 194 overt acts that were part of this alleged conspiracy, which began in or about May 2016 and ended in or about September 2019. Each defendant is also charged with a number of substantive drug and

1

firearm offenses including distribution and possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), use of a communication facility in furtherance of a drug felony in violation of 21 U.S.C. § 843(b), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

The government expects that one or more of the defendants may elect to testify in his or their defense. Should defendant Frederick Rochester choose to testify, the government should be permitted to impeach him with the following felony conviction:

1.  Four counts of delivery of controlled substances (May 16, 2016).

For the reasons set forth below, this conviction is appropriate impeachment material and should be admitted pursuant to Federal Rule of Evidence 609.

### III.   Argument

#### A. Legal Framework

Rule 609(a)(1) provides that evidence that an accused has been convicted of a felony "*must be admitted* in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." (emphasis supplied).[1] The rule is

---

[1] Rule 609 provides in part:
(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
　(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
　　(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
　　(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
　(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the

one of inclusion, not exclusion. *United States v. Sloman*, 909 F.2d 176, 180 (6th Cir. 1990). In *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997), the court explained, "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath' . . . Rule 609 evidence is admitted in order to inform the jury about the character of the witnesses whose testimony the jury is asked to believe." (internal citation omitted).

When a defendant places his credibility before the jury by testifying, on cross-examination, "permissible questioning typically is limited to the number of convictions, and the nature, time, and date of each." *United States v. Faulk*, 53 F. App'x 644, 645 (3d Cir. 2002), citing *McCormick on Evidence*, § 42 at 167 (5th ed., 1999). The trial court may reserve making its final ruling on this issue until after the defendant testifies. *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

Should the defendant take the stand, the government would seek to impeach the defendant's general credibility with the fact of his prior conviction and the nature of the crimes. *See United States v. Jacobs*, 44 F.3d 1219, 1224 n.6 (3d Cir. 1995) ("[c]ase law firmly establishes that it is proper to admit evidence of the type of felony involved in a prior conviction used for impeachment under Fed. R. Evid. 609(a)(1)"). In addition, depending upon the substance of his testimony, there may be bases for impeachment involving the circumstances of his conviction as well. However, because the government cannot predict with certainty the course the defendant will take, or the substance of what he may say, the government can only address such issues as they arise.

---

crime required proving--or the witness's admitting--a dishonest act or false statement.

### B. Rule 609 Analysis

In determining whether the probative value of a prior conviction outweighs its prejudicial effect, the Third Circuit has held that the following factors should be considered: (1) the nature of the crime; (2) when the conviction occurred; (3) the importance of the defendant's testimony; and (4) the degree to which the defendant's credibility is central to the case. *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982). *See United States v. Johnson*, 388 F.3d 96 (3d Cir. 2004) (reaffirming the balancing test established in *Bedford*). Where the convictions, or release from confinement for such convictions, are less than 10 years old, no special weighing is required. Rule 609(b).

Where the paragraph 609(a)(1) balancing test applies, courts have a "predisposition toward exclusion," and apply the four-part *Bedford* test. *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014). In close cases, the prejudice may be addressed by concealing the nature or name of the crime. *See* the discussion in *Schmude v. Tricam Industries, Inc.*, 556 F.3d 624, 627-28 (7th Cir. 2009).

Moreover, evidence that may be inadmissible under Rule 404(b) is nevertheless admissible under Rule 609, because a testifying defendant's credibility is the central issue. *See United States v. Haslip*, 160 F.3d 649 (10th Cir. 1998); *United States v. Valencia*, 61 F.3d 616 (8th Cir. 1995); *United States v. Smith*, 49 F.3d 475 (8th Cir. 1995).

#### 1. The nature of the crime involved

On May 16, 2016, Covington was convicted of four counts of delivery of a controlled substance and one count of criminal use of a communication facility. Courts have repeatedly found that drug trafficking convictions are probative of a defendant's character for truthfulness and, therefore, are properly admitted under Rule 609(a)(1) to impeach a defendant. Such

convictions have been admitted even in cases in which drug use or trafficking have otherwise been an issue, despite a heightened possibility of prejudice.

As the Second Circuit has reasoned:

> Prime among [the factors to be considered under Rule 609(a)] is whether the crime, by its nature, is probative of a lack of veracity . . . here, the District Judge in his discretion was entitled to recognize that *a narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie.* From this he could rationally conclude that such activity in a witness' past is probative on the issue of credibility.

*United States v. Ortiz*, 553 F.2d at 784 (emphasis added) (at defendant's trial on charges of distributing cocaine, district court properly admitted defendant's prior convictions for heroin distribution under Rule 609(a)(1)), cited with approval in *United States v. Rose*, 2008 WL 650034, *3-4 (E.D.Pa. Mar. 7, 2008), and *United States v. Coleman*, 2006 WL 3208677, *6 (E.D.Pa. Nov. 2, 2006); *see also*, *United States v. Carmichael*, 155 F.3d 561, 1998 WL 390973 (4th Cir. 1998) (defendant's prior convictions for possession with intent to distribute cocaine were admissible, under Rule 609(a)(1) and Rule 404(b), at defendant's trial on charge of possession with intent to distribute marijuana); *United States v. Harris*, 959 F.2d 242, 1992 WL 72868, *1 (9th Cir. 1992) (in prosecution for distribution of cocaine, district court properly permitted government to introduce evidence of defendant's prior conviction for cocaine possession under Rule 609(a)(1), as "[t]he government had a right to present evidence which challenged [defendant's] trustworthiness as a witness."); *United States v. Borrome*, 1997 WL 786436 (E.D.Pa. 1997) (Van Antwerpen, J.) (admitting defendant's prior conviction for possession with intent to deliver cocaine, under Rule 609(a)(1), in prosecution for conspiracy to distribute cocaine base; conviction was probative of defendant's credibility and was not so prejudicial, as conviction was six years old), *aff'd* 166 F.3d 1206 (3d Cir. 1998); *United States v.*

*Alfonso*, 1995 WL 276198 (S.D.N.Y. 1995) (permitting the government to cross-examine defendant with prior narcotics conviction at trial for conspiracy to distribute and possess cocaine, even though the same evidence was not admissible under 404(b) on facts of case).

### 2. When the convictions occurred

The defendant's prior conviction occurred within the last ten years—in 2016—is time eligible under Rule 609(b),[2] and no special weighing is required. Notwithstanding, "the passage of a shorter period can still reduce [a prior conviction's] probative value," *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014). However, here there are no facts suggesting a change in the defendant's character. Quite the contrary, the defendant stands before this court charged with the exact same criminal conduct— delivery of controlled substances and criminal use of a communication facility. The defendant's character has not improved, and the prior conviction remains probative of the defendant's veracity.

### 3. The Importance of the Defendant's Testimony and the Degree to which the Defendant's Credibility is Central to the Case

While the government does not know what Covington's testimony might be, it safely anticipates that, if he testifies, his direct and cross-examinations will be central to the case. In this case, Covington and his co-conspirators are accused of operating a drug trafficking

---

[2] Federal Rule of Evidence 609(b) provides:
> Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction *or release from confinement* for it, whichever is later. Evidence of the conviction is admissible only if:
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

(emphasis added).

6

organization through the use of covert means. For example, the government will present evidence that 3rd Bone members communicated through coded language in phone calls and text messages. Should Covington simply deny that the texts had the government's proffered meaning, his testimony will yield little to cross-examination as an engine of truth. *See* Fed. R. Evid. 102 (These rules should be construed so as to administer every proceeding fairly . . . to the end of ascertaining the truth and securing a just determination."). Covington's credibility will therefore be a key issue.

When a defendant testifies, he places his credibility "directly at issue," and his prior convictions will bear on his credibility. *United States v. Murphy*, 172 F. App'x 461, 462-63 (3d Cir. 2006); *United States v. Rosato*, 1999 WL 58577, *3 (E.D.Pa. 1999) ("A defendant who testifies is invariably the centerpiece of any criminal defense, and the defendant's credibility is always at issue."); *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) (impeachment proper where the jury heard two contradictory versions of whether the defendant knowingly possessed a gun). In weighing a defendant's credibility, when the defense is based predominantly on the testimony of the defendant, the jury is entitled to know of his prior convictions. *Cf. Oakes*, 565 F.2d at 173 (impeachment with manslaughter conviction appropriate where "there was 'a sharp, irreconcilable conflict' between the testimony of the Government's witnesses and that of the defendant," such that the testifying defendant's credibility was crucial to the case). Indeed, courts "should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitled him to complete credence when his criminal record stands as direct testimony to the contrary." *Moore*, 75 F. Supp. 3d at 455, *quoting United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980).

Covington should not be permitted to use Rule 609 to hide from the jury probative

evidence critical to the search for truth. By testifying, Covington will place his credibility directly at issue and will have rendered his prior conviction central to the jury's assessment of the case. *See United States v. Arhebamen*, 197 Fed. Appx. 461, 467 (6th Cir. 2006) (prior conviction for absconding admissible to impeach defendant even though prior offense was similar to the charged crime of failure to appear for sentencing, because defendant's credibility was a central issue at trial); *United States v. Johnson*, 302 F.3d 139, 152-53 (3d Cir. 2002) (district court properly permitted government to impeach credibility of defendant Johnson and defense witness Robertson by asking each on cross-examination about their prior felony convictions; Third Circuit explained, "[c]redibility was a major issue at trial because Johnson's defense depended on the jury believing his story rather than Sey's, and evidence of a felony conviction is probative of credibility . . . [And] we fail to see how the fact of Robertson's prior convictions might have inflicted unfair prejudice beyond that which ordinarily accompanies evidence introduced pursuant to Rule 609(a)(1)."); *United States v. Smith*, 131 F.3d 685 (7th Cir. 1997) (where defendant's testimony directly contradicts other witness's credibility on essential issue, prior criminal convictions are admissible for impeachment purposes). As the Ninth Circuit recognized in *Browne*, the government should not be forced to "sit silently by, looking at a criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness." *Browne*, 829 F.2d at 764.

### C. A Limiting Instruction to Prevent Improper Use of the Prior Convictions

The Court can minimize any potential prejudice to the defendant by instructing the jury that this prior conviction can only be used to evaluate his credibility. Jurors are presumed to follow such limiting instructions. *Old Chief v. United States*, 519 U.S. 172, 196-97 (1997);

*Shannon*, 512 U.S. at 575.[3] As the Third Circuit noted in *United States v. Lee*, 612 F.3d 170, 191 (3d Cir. 2010) in a related context,

> To the extent that Lee is now arguing that the jury could not have understood the instruction, we have rejected such sweeping and non-specific assertions before. *See [United States v.] Givan*, 320 F.3d [452,] 462 [3d Cir. 2003] ("[I]t is a basic tenet ... that a jury is presumed to have followed the instructions the court gave it ... [and i]f we preclude the use of evidence admissible under Rule 404(b) because of a concern that jurors will not be able to follow the court's instructions regarding its use we will inevitably severely limit the scope of evidence permitted by that important rule.").

*See also, Murphy*, 172 F. App'x at 463 (impeachment of defendant with three drug trafficking convictions in felon in possession case upheld where court gave limiting instruction). This presumption is all the more imperative in a case such as this where a testifying defendant's credibility and testimony are essential. *See Nururdin*, 8 F.3d at 1191-92.

### D. Application of the Balancing Test

Balancing tests are, by definition, not bright-line rules. *Cf. United States v. Universal Rehab. Servs.*, 205 F.3d 657, 665 (3d Cir. 2000) ("A district court's decision . . . cannot be reversed merely because we, as members of a reviewing court, possess a different view concerning the probative value or prejudicial effect of the challenged evidence."). If Covington testifies, the balance here is tipped sharply in favor of admission of the prior convictions. A trial is a truth-determining process, and Covington should not be heard to complain because his own

---

[3] At defense counsel's request, the Court can instruct the jury along the following lines, both after the introduction of the evidence and again in the final charge to the jury:
> You heard evidence that the defendant was previously convicted of a crime. You may consider evidence of his previous conviction only to decide whether to believe the defendant's testimony and how much weight to give it. That evidence does not mean that the defendant committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

*See* Third Circuit Model Criminal Jury Instructions, No. 4.36 (2015).

9

crimes cast his credibility in a more unfavorable light. Covington's prior conviction is highly probative of his credibility, and the jury is entitled to know of this conviction, should he testify. The Court can minimize any potential prejudice by instructing the jury of the strictly limited use that can be made of this impeachment evidence.

IV. **CONCLUSION**

Wherefore, the government respectfully requests that the Court grant the government's Motion *in Limine* to Admit Evidence of Covington prior conviction in the event that he testifies at trial under Federal Rule of Evidence 609(a)(1).

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
*Acting United States Attorney*


*/s/ Jerome M. Maiatico*
JEROME M. MAIATICO
*Assistant United States Attorney*
*Chief, Narcotics and Organized Crime*


*/s/ Meaghan A. Flannery*
MEAGHAN A. FLANNERY
MATTHEW T. NEWCOMER
*Assistant United States Attorneys*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-636-08 |
| JAMEL COVINGTON | : | |

**O R D E R**

AND NOW, this       day of                , 2021, upon consideration of the government's Motion for the admission of evidence under Rule 609 of the Federal Rules of Evidence, and any response thereto, it is hereby ORDERED that the Motion is GRANTED and the following convictions may be used as impeachment should defendant Jamel Covington choose to testify:

1. Four counts of delivery of a controlled substance (May 16, 2016).

BY THE COURT:

_____
HONORABLE JUAN R. SANCHEZ
*Judge, United States District Court*

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served a true and correct copy of the within motion to permit voice identifications on the following by ECF:

Paul J. Hetznecker, Esquire
phetznecker@aol.com
*Counsel for Jamel Covington*

/s/ *Meaghan A. Flannery*
MEAGHAN A. FLANNERY
MATTHEW T. NEWCOMER
Assistant United States Attorneys

Date: August 16, 2021